UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHERYL A. HALSEY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:10-cv-1139 |
| ) | |
| v. ) | Honorable Robert J. Jonker |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On August 22, 2007, plaintiff filed her applications for benefits alleging a December 1, 2005 onset of disability.[1] (A.R. 129-39). Plaintiff's disability insured status expired on June 30, 2006. Thus, it was plaintiff's burden on her claim for DIB benefits to submit evidence demonstrating that she was disabled on or before June 30, 2006. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claims for DIB and SSI benefits were denied on initial review. On December 22, 2009, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 32-70). On February 4, 2010, the ALJ issued her decision finding

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, September 2007 is plaintiff's earliest possible entitlement to SSI benefits.

that plaintiff was not disabled. (A.R. 12-26). On October 21, 2010, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

On November 17, 2010, plaintiff filed her complaint seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Plaintiff argues that the Commissioner's decision should be overturned because the ALJ "fail[ed] to accept the opinion[s] of treating or examining practitioners." (Statement of Issues Presented, Plf. Brief at 2, docket # 10). Upon review, I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial

evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## **Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from December 1, 2005, through June 30, 2006, but not thereafter. (A.R. 13). Plaintiff had not engaged in substantial gainful activity on or after December 1, 2005. (A.R. 13). Plaintiff had the following severe impairments: "fibromyalgia, post traumatic stress disorder with associated depression/mood disorder, low back pain and neck pain secondary to degenerative disc disease, migraine headaches, obesity, and asthma." (A.R. 14). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments.

(A.R. 14). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant should only occasionally: reach overhead with her left upper extremity; climb ramps and stairs; balance; stoop; kneel; crouch; or crawl. The claimant should never climb ladders, ropes, and scaffolds. The claimant should avoid concentrated exposure to pulmonary irritants such as dust and fumes. The claimant also needs a job that will allow her to change positions from sitting to standing at will. The claimant is also limited to unskilled tasks that are simple, routine, and repetitive. The claimant should also have a job that is low in stress and that requires only brief, superficial contact with the public.

(A.R. 16). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 16-25). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis because she was capable of performing her past relevant work. (A.R. 25-26).

Plaintiff argues that the ALJ failed to give adequate weight to a January 28, 2010 mental residual functional capacity evaluation by "the claimant's treating doctor, Dr. Rachelle Gordon." (Plf. Brief at 6-7). Further, plaintiff argues that the ALJ failed to give adequate weight to state agency examiner H. C. Tien's opinion that "claimant was incapable of performing either skilled or unskilled work." (Plf. Brief at 8). Plaintiff's first argument is based on a serious distortion of Ms. Gordon's qualifications and the nature of her relationship with the claimant, and her second argument is based on an erroneous statement of Dr. Tien's opinion. Neither argument provides a basis for disturbing the Commissioner's decision denying plaintiff's claims for DIB and SSI benefits.

Ms. Rachelle Gordon is not a treating physician. She is a social worker. (A.R. 813). She had no treating relationship with plaintiff. Ms. Gordon saw plaintiff for the first and last time on January 28, 2010, and she supplied a mental residual functional capacity assessment in support

of plaintiff's claims for DIB and SSI benefits. (*Id.*). A social worker is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d); *see also Payne v. Commissioner*, 402 F. App'x 109, (6th Cir. 2010) ("[S]ocial workers are not acceptable medical sources under social security regulations."). There is no "treating social worker rule," and the opinion of a social worker is not entitled to any particular weight. *See Hayes v. Commissioner*, No. 1:09-cv-1107, 2011 WL 2633945, at * 6 (W.D. Mich. June 15, 2011) (collecting cases). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 1 (SSA Aug. 9, 2006)); *see also Bliss v. Commissioner*, 406 F. App'x 541 (2d Cir. 2011) ("[T]he assessment by the social worker is ineligible to receive controlling weight because social workers do not qualify as 'acceptable medical sources.'"); *Turner v. Commissioner*, 613 F.3d 1217, 1223-24 (9th Cir. 2010). The opinions of a social worker fall within the category of information provided by "other sources." *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1513, 416.913); *see Cole v. Astrue*, No. 09-4309, __F.3d __, 2011 WL 5456617, at * 6 (6th Cir. Sept. 22, 2011); *Cruse v. Commissioner*, 502 F.3d 532, 541 (6th Cir. 2007). This is not a demanding standard. It was easily met here. I find that the ALJ did not commit error when she found that the extreme restrictions proffered by Ms. Gordon were entitled to "little to no weight":

> After the hearing, the claimant saw Rachelle Gordon, Limited Licensed Master's Social Worker, for the first and only reported time on January 28, 2010, apparently at the request of the claimant's representative. (30F/9.) Ms. Gordon completed a Mental Residual Functional Capacity Assessment form on the claimant, and she stated that the claimant was moderately limited" in 4 of the 20 categories and "markedly limited" in 16 of the 20 categories. (Exhibit 30F/7-8.) Ms. Gordon also stated that the claimant had major depression, severe, with psychotic features and a Global Assessment of Functioning Score of 30. (30F/5.) I note that I give these assessments and opinions little to no weight as they do not comport well with the objective medical evidence.

(A.R. 23).

Plaintiff's argument with regard to Dr. Tien's opinion is set forth verbatim below:

> The ALJ specifically notes that Dr. Tien found the claimant incapable of performing either skilled of unskilled work. (AR 35[24]). The ALJ the [sic] finds that he would not give weight to the opinion of Dr. Tien either, because it does not "comport" with the objective evidence of record.

(Plf. Brief at 8). Dr. Tien never offered the opinion plaintiff attributes to him. On November 20, 2007, Dr. Tien reviewed plaintiff's medical records and completed a mental residual functional capacity assessment of plaintiff's condition as of June 30, 2006, her date last disability insured. (A.R. 523). Dr. Tien stated that plaintiff *was capable* of performing either skilled or unskilled occupations. (A.R. 525). The ALJ noted that "Dr. Tien stated that the claimant could work at either unskilled or skilled occupations." (A.R. 24). The ALJ gave "moderate weight" to Dr. Tien's opinions. (A.R. 24). The ALJ's careful examination of the entire medical record and her explanations for the weight she gave to various medical opinions spans 9 pages of single-spaced text. (A.R. 17-25). The ALJ is responsible for weighing medical opinions, not the court. *See Buxton*, 246 F.3d at 772-75; *see also Price v. Commissioner*, 342 F. App'x 172, 177-78 (6th Cir. 2009). I find no error.

**Recommended Disposition**

Plaintiff has raised two issues, each of which is based on a misrepresentation of the record. Ms. Gordon was clearly *not* a treating physician, and Dr. Tien clearly certified plaintiff as *capable* of both skilled and unskilled work. This appeal is frivolous. I recommend that the Commissioner's decision be affirmed.

Dated:  November 22, 2011            /s/  Joseph G. Scoville
                                     United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).